UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REX L. POPE,<br><br>                Petitioner,<br><br>    v.<br><br>MAGGIE MILLER STOUT,<br><br>                Respondent. | Case No.  C08-5017 BHS/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 27, 2008** |

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Pope seeks to challenge a 2006 judgment and sentence. (Dkt. # 5).  Respondent has filed an answer (Dkt. # 12) and submitted relevant portions of the state court record (Dkt. # 13).  Upon review, it is the Court's recommendation that Mr. Pope's petition be dismissed without prejudice as his claims are unexhausted.

## I. STATEMENT OF THE CASE

Mr. Pope is in custody pursuant to the judgment and sentence of the Clallam County Superior Court.  (Dkt. # 13, Exh. 1). Mr. Pope was found guilty on April 20, 2006 by jury verdict of one count of Burglary in the First Degree, and four counts of Unlawful Possession of a Firearm in the Second Degree. *Id.*.  The trial court imposed a sentence of 77 months confinement for all of

REPORT AND RECOMMENDATION
Page - 1

Mr. Pope's convictions. *Id*., p. 7.

**A.     Statement of State Court Procedural History**

On June 23, 2006, counsel for Mr. Pope filed a notice of appeal of his Superior Court Judgment and Sentence. (Dkt. # 13, Exh. 2).  On December 13, 2006, counsel for Mr. Pope filed an appellant's opening brief in the Washington Court of Appeals, raising the following issues for review:

   1.     Was Mr. Pope denied the effective assistance of counsel?

   2.     Was defense counsel ineffective for failing to seek dismissal at the close of the state's case?

   3.     Was defense counsel ineffective for failing to request a limiting instruction regarding Mr. Pope's hearsay statement that he was a felon?

   4.     Was defense counsel ineffective for failing to move *in limine* to exclude evidence of Mr. Pope's prior convictions?

   5.     Was defense counsel ineffective for failing to object to the erroneous admission of Mr. Pope's prior convictions?

   6.     Was Mr. Pope denied due process by the trial court's erroneous accomplice instruction?

   7.     Did the accomplice instruction improperly allow conviction without proof of an overt act?

*Id*., Exh. 3, pp. vi - vii.

On January 18, 2007, Respondent State of Washington filed a brief in response. *Id*., Exh. 4. On January 26, 2007, Mr. Pope filed a statement of additional grounds for review in the Washington Court of Appeals, listing the following additional grounds for review:

> The evidence gathered, as a result of the warrantless search committed by Ranger Titus, should not have been admitted by the trial court and should have been addressed by the defense counsel through a motion to suppress.  Further, and to the same ends, the evidence obtained in this improper manner was mishandled and improperly processed.  The cumulation of these errors mandate that this case be reversed and remanded.

REPORT AND RECOMMENDATION
Page - 2

> The defendant was unreasonably prejudiced through the many and repeated false statements made by the state's witness, Daniel Knudson, through the course of the investigation and the trial. Further, the defense counsel failed to impeach this witness or object to the introduction of this witness' testimony with wanton disregard to the instructions of the defendant because of the flamboyant nature of Mr. Knudson's false testimony and the improper way in which it was allowed to influence the jury, said testimony and any investigatory benefits from interviews with the relevant subject should be disallowed and this case reversed and remanded.

*Id.*, Exh. 5, pp. 1, 4.

On February 21, 2007, counsel for Mr. Pope filed a reply brief. *Id.*, Exh. 6. On July 31, 2007, the Washington Court of Appeals entered its decision affirming Mr. Pope's convictions. *Id.*, Exh. 7.

On October 3, 2007, Mr. Pope filed a motion for discretionary review in the Washington Supreme Court, in which he listed the following issues for review:

> In his direct appeal Pope argued that he was denied the effective assistance of counsel. (2) The trial court's accomplice instruction violated his constitutional right to due process because it allowed conviction without evidence an **overt act. . .** Pope believe the court of appeals more particularly Pope feels that the whole trial was based on perjured testimony by Kundson. (3) Mr. Pope was prosecuted as either a principal or an accomplice to the crime. The trial courts accomplice instruction did not require the prosecution to prove an over act by Mr. Pope, but instead allowed the jury to convict if he was present and secretly approved. Was Mr. Pope denied due process by the trial court's erroneous accomplice instruction?
>
> **The question submitted**: By Pope is. Was there a due process violation the court of appeals has concurred to the fact a violation has happen. [sic]
>
> **Reason discretionary review should be granted (2):**
> In the case report narrative: First report taken on 2-10-2006 and the second narrative report taken on 2-13-2006. These two documents was used by the defendant's attorney to question Mr. Knudsen for impeachment purpose at trial. But was not used as evidence that the jury could examine. This was very prejudice and prevented Pope from getting a fair trial. Had the jury been able to take these documents to deliberate over. They would have saw all the false statements made by Knudsen. Pope argues that this case was based on Mr. Knudsen testimony only, and was Pope's word against Knudsen therefore this document should have been marked for exhibits for the jury to see. These two documents was known by the police and the prosecutor as well as Kundsen's attorney to be full of false statements, but the court erred by letting it be used to question Knudsen at trial and not having the documents entered as an exhibits by this being allowed, this shifted the burden of truth and was one

REPORT AND RECOMMENDATION
Page - 3

sided. Because Pope is pro se, Pope ask this court to see: **State v. Brown** 147 Wn. 2d at 341, 58 P.3d 889 (2002). A reviewing court must **"thoroughly examine"** the record and reverse the conviction unless it concludes beyond a reasonable doubt that the jury verdict would have been the same absent the error. **Brown at 341.**

*Id*., Exh. 8, pp. 1-2.

On November 19, 2007, Mr. Pope filed a motion to amend appellate attorney's argument in the Washington Supreme Court. *Id*., Exh. 9.  On December 4, 2007, the Chief Justice of the Washington Supreme Court entered an order denying Mr. Pope's petition for review and his motion to amend the petition for review.  *Id*., Exh. 10.  Mr. Pope filed a motion for reconsideration of the Washington Supreme Court's decision of December 17, 2007.  *Id*., Exh. 11.  In his motion for reconsideration, Mr. Pope listed the following issues for review:

1. Was Mr. Pope's trial attorney ineffective for not asking the trial court to move in limine to exclude Mr. Pope's prior convictions.

2. Did the trial court abuse its discretion to allow such damaging evidence.

*Id*., Exh. 11, p. 1.

On December 21, 2007, the Washington Supreme Court Clerk notified Mr. Pope that denial of a petition for review was not subject for reconsideration, and although Mr. Pope's pleading had been placed in a closed file, the Washington Supreme Court would take no further action on it.  *Id*., Exh. 12.

On December 12, 2007, the Washington Court of Appeals entered a mandate.  *Id*., Exh. 13.

## II.  ISSUES FOR FEDERAL HABEAS REVIEW

In his federal habeas corpus petition, Mr. Pope raises the following grounds for relief:

1. Was Mr. Pope denied the effective assistance of counsel?

    A) Defense counsel should have sought dismissal of the UPF[1] charges

---

[1] Mr. Pope was found guilty of four counts of Unlawful Possession of a Firearm in the Second Degree. (Dkt. # 13, Exh. 1).

REPORT AND RECOMMENDATION
Page - 4

because the prosecutor failed to produce evidence of a constitutionally valid predicate felony conviction during the state's case in chief.

  B) Defense counsel should have sought a limiting instruction after introducing the only evidence relating to a prior felony.

  C) Defense counsel should have moved in limine to exclude Mr. Pope's prior convictions.

2. Did the trial court's accomplice instruction violate Mr. Pope's constitutional right to due process because it allowed conviction without an overt act?

3. Was Park Ranger Titus' search unlawful?

4. Was the many false statements made by Knudson the states witness prejudice to Mr. Pope by his attorney not having entered the deposition to the jury.

(Dkt. # 5, pp. 5, 7-8, and 10[2]).

## III. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Pope has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court. Accordingly, the Court finds that an evidentiary hearing is not required.

## IV. STANDARD OF REVIEW

---

[2] CM/ECF pagination.

REPORT AND RECOMMENDATION
Page - 5

This Court's review of the merits of Mr. Pope's claims is governed by 28 U.S.C.§ 2254(d)(1).  Under that standard, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(c) and (d)(1).  The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law."  *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

The court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68; *see also Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.").  In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (citation omitted).

## V.  DISCUSSION

Respondent argues that Mr. Pope has failed to properly exhaust all four of his federal habeas claims because he failed to fully and fairly present those claims to the Washington state courts as specific federal constitutional violations.

28 U.S.C. § 2254 (b)(1) states, in pertinent part, that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody

REPORT AND RECOMMENDATION
Page - 6

> pursuant to the judgment of a State court **shall not be granted unless it appears that—**
> **(A) the applicant has exhausted the remedies available in the courts of the State**; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28. U.S.C. § 2254 (b)(1) (Emphasis added.)

A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), *cert. denied*, 513 U.S. 935 (1994). The exhaustion doctrine is based upon comity, not jurisdiction. *Rose v. Lundy,* 455 U.S. 509, 518 (1982). It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A claim must be "fully and fairly" presented to the state's highest court so as to give the state courts a fair opportunity to apply federal law to the facts. *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270, 276-78 (1971). The petitioner must present the claims to the state highest court even where such review is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Each claim must be presented to the state's highest court based upon the same federal legal theory and the same factual basis as the claim is subsequently asserted in federal court. *Hudson v. Rushen*, 686 F.2d 826, 829-30 (9th Cir. 1982), cert. denied, 461 U.S. 916 (1983).

Petitioners must fairly present their federal claims to state courts in order to give the State the opportunity to pass upon and correct alleged violation of its prisoners' federal rights. If the state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. See *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (citing *Picard v. Connor*, 404

REPORT AND RECOMMENDATION
Page - 7

U.S. 270, 275 (1971), internal quotation marks omitted); see also, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992) (exhaustion must be "serious and meaningful"). In order to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992).

Vague references to broad constitutional principles such as due process, equal protection and a fair trial do not satisfy the exhaustion requirement. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 120 S. Ct. 815 (2000). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray*, 518 U.S. at 163. Even where the petitioner argues an error deprived him of a "fair trial" or the "right to present a defense", unless the petitioner expressly states he is alleging a specific federal constitutional violation, the petitioner has not properly exhausted the claim. *Johnson*, 88 F.3d at 830-31.

The fact that a state law claim was "essentially the same" as the claim subsequently asserted in federal court does not satisfy the exhaustion requirement. *Id.* at 830. Citation to Washington case law, even if the case applied a standard similar to the federal standard, does not suffice to apprise the Washington courts of a federal claim. *Hiivala*, 195 F.3d at 1106-07. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, was well as a statement of the facts that entitle the petitioner to relief. *Gray*, 518 U.S. at 162-63.

**A.     First Habeas Claim - Ineffective Assistance of Counsel**

In his first claim for federal habeas relief, Mr. Pope claims that he was denied effective assistance of counsel because defense counsel failed to (1) seek dismissal of the UPF charges for

REPORT AND RECOMMENDATION
Page - 8

lack of evidence of a constitutionally valid predicate felony conviction; (2) seek a limiting instruction after introducing the only evidence relating to a prior felony; and (3) file a motion in limine to exclude Mr. Pope's prior convictions. (Dkt. # 5, p. 5).

Respondent concedes that this claim, in three subparts, was fully and fairly presented in the Washington Court of Appeals in Appellant's Opening Brief. (Dkt. # 13, Exh. 3, pp. 11-14). Respondent contends, however, that the claim was not fully and fairly presented in the Washington Supreme Court as it was only presented by way of an attempt to incorporate by reference and Mr. Pope did not allege a federal constitutional violation. (Dkt. # 12, p. 9).

In his motion for discretionary review, Mr. Pope did not present his claim in three sub-parts, but stated merely that "In his direct appeal [he] argued that he was denied the effective assistance of counsel." *Id.*, Exh. 8, p. 1. In a "Motion to Amend and Adopt Appellant Attorneys Argument," Mr. Pope asked the Washington Supreme Court to allow him to adopt his appellant counsel's argument on his direct appeal as stated in his opening brief filed on December 12, 2006. *Id.*, Exh. 9. However, it does not appear that Mr. Pope appended the previous argument filed with the Washington Court of Appeals to his motion for discretionary review filed with the Washington Supreme Court. *Id.*, Exhs. 8 and 9. The Washington Supreme Court denied Mr. Pope's motion to amend. (Dkt. #13, Exh. 10).

Moreover, in asserting his claim before the Washington Supreme Court, Mr. Pope did not allege a federal constitutional violation. Mr. Pope stated merely that "this conviction is in violation of the United States Constitution and the Constitution of the State of Washington." *Id.*, Exh. 8, p. 3. "A claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray*, 518 U.S. at 163. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, was well as a statement of the facts that

REPORT AND RECOMMENDATION
Page - 9

entitle the petitioner to relief. *Id*. at 162-63.

Finally, Mr. Pope filed a motion for reconsideration in the Washington Supreme Court. *Id*., Exh. 11. In that motion, Mr. Pope presented only one sub-claim of his ineffective assistance of counsel claim (that his attorney was ineffective for failing to bring a motion in limine regarding his prior convictions). The Supreme Court rejected Mr. Pope's motion for reconsideration. *Id*., Exh. 12. In a letter, the Washington Supreme Court advised the parties, as follows:

> This will acknowledge receipt on December 21, 2007, of the Petitioner's motion for reconsideration. The pleading seeks reconsideration of this Court's December 4, 2007 order. [court's footnote 1. It is noted that the Department of the Court that unanimously denied the petition for review was comprised of five of the nine Justices of this Court, a majority of the Court.]
>
> A denial of a petition for review is not subject to reconsideration. The RULES OF APPELLATE PROCEDURE (RAP) provide that a party may file a motion for reconsideration only of "a decision terminating review", see RAP 12.4(a). One element of "a decision terminating review" is that it must be an opinion, order or judgment of the appellate court filed <u>after</u> review is accepted, see RAP 12.3(a). A denial of a petition for review is an act declining to accept review. As such, the Court's decision on the petition for review is not subject to reconsideration.
>
> Moreover, RAP 12.5(b)(3) provides that the Court of Appeals will issue the mandate of its decision upon denial of the petition for review. Pursuant to RAP 12.7(b) the Supreme Court loses the power to change or modify a decision of the Court of Appeals upon issuance of the mandate, which occurred in this case on December 12, 2007.
>
> Accordingly, although the pleading has been placed in the closed file, this Court can take no further action on it.

(Dkt. # 13, Exh. 13, pp. 1-2) (emphasis in original).

Thus, Mr. Pope's ineffective assistance of counsel claims were never fully and fairly presented to the Washington Supreme Court as specific federal constitutional violations.

**B.      Second Habeas Claim - Trial Court's Accomplice Instruction**

In his second ground for federal habeas relief, Mr. Pope contends that the trial court's

REPORT AND RECOMMENDATION
Page - 10

accomplice instruction violated his constitutional right to due process because it allowed a conviction without an overt act. (Dkt. # 5, p. 7). It is undisputed that Mr. Pope presented this claim to the Washington Court of Appeals. (Dkt. # 13, Exh. 3).

Respondent argues, however, that this claim was not presented to the Washington Court of Appeals as a federal constitutional violation. (Dkt. # 12, p. 10). Although Mr. Pope cited his "constitutional right to due process" (Dkt. # 13, Exh. 3, p. 11), a broad reference to due process alone does not satisfy the requirements for specificity for proper exhaustion. *See Gray*, 518 U.S. at 162-163.

In his motion for discretionary review in the Washington Supreme Court, Mr. Pope presented this claim as a violation of his "constitutional right to due process." (Dkt. # 13, Exh. 8, p. 1). Respondent is correct that a broad reference to due process alone is insufficient for exhaustion purposes. As noted above, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray*, 518 U.S. at 163. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, was well as a statement of the facts that entitle the petitioner to relief. *Id*. at 162-63.

**C.    Third Habeas Claim - Unlawful Search**

In his third federal claim for habeas relief, Mr. Pope asserts that Park Ranger Titus' search was unlawful. (Dkt. # 5, p. 8). Respondent argues that Mr. Pope failed to present this claim in either the Washington Court of Appeals or in the Washington Supreme Court. (Dkt. # 12, p. 10).

This court's review of the record reveals that Mr. Pope did present this claim to the Washington Court of Appeals. (Dkt. # 13, Exh. 5, pp. 1-3). The Washington Court of Appeals included an unreasonable search analysis under the Fourth Amendment of the United States Constitution and article I, section 7 of the Washington Constitution as to Mr. Pope's claim that

REPORT AND RECOMMENDATION
Page - 11

Ranger Titus' search of his truck was unlawful.[3]  *Id*., Exh. 7, pp. 15-16.

Respondent is correct, however, that Mr. Pope failed to present the claim to the Washington Supreme Court in any form.  Thus, is it clearly unexhausted.  (Dkt. # 13, Exhs. 8, 9).  *See Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (in order to properly exhaust their claims, habeas petitioners must present their claims on every level of direct review); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (in order to properly exhaust their claims, habeas petitioners must present their claims to the state's highest court).

**D.     Fourth Habeas Claim - Ineffective Assistance of Counsel - Submission of False Statements of Witness Knudson**

In his fourth claim for federal habeas relief, Mr. Pope contends that his attorney provided ineffective assistance by not entering the deposition of Mr. Knudson into evidence so that the jury could have viewed Mr. Knudson's inconsistent statements.  (Dkt. # 5, p. 10).

Mr. Pope presented this argument in the Washington Court of Appeals.  (Dkt. # 13, Exh. 5, pp. 4-6).  In the Washington Supreme Court, Mr. Pope presented an issue of ineffective assistance because his attorney did not impeach Mr. Knudson with the contents of two narrative reports, and stated that they should have been "used as evidence that the jury could examine."  *Id*., Exh. 8, p. 2).  However, Mr. Pope did not present his claim as a federal constitutional violation in the Washington Supreme Court.  As with his first federal habeas claim, Mr. Pope simply presented this claim to the Washington Supreme Court with the statement that "this conviction is in violation of the United States Constitution and the Constitution of the State of Washington."  *Id*., Exh. 8, p. 3.  This is not sufficient for relief in habeas.  "A claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the

---

[3]The court also concluded that, because the search was proper, it was not ineffective assistance of counsel when Mr. Pope's attorney did not make a motion to suppress the evidence resulting from the seizure and search.

REPORT AND RECOMMENDATION
Page - 12

petitioner to relief." *Gray*, 518 U.S. at 163.  For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, was well as a statement of the facts that entitle the petitioner to relief.  *Id*. at 162-63.

## VI.  CONCLUSION

Mr. Pope has failed to present any of his federal habeas claims to the Washington Supreme Court as federal constitutional violations.   Therefore, these claims are unexhausted.  See, *Duncan v. Henry*, 513 U.S. at 365-366.   As it appears that Mr. Pope has not previously filed a personal restraint petition in the Washington state courts, he would not be subject to the procedural bar for successive petitions under RCW 10.73.140 and he will have until December 11, 2008 to timely file a personal restraint petition in the Washington State courts regarding his unexhausted claims.

The undersigned recommends that Mr. Pope's claims for federal habeas petition be **dismissed without prejudice.**   A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 27, 2008,** as noted in the caption.

DATED this   5th   day of June, 2008.

Karen L. Strombom
United States Magistrate Judge